UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARIA MARTIN COLEA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, MARIA MARTIN COLEA ("Plaintiff"), is a resident and citizen of Mexico.

2. Defendant Royal Caribbean Cruises, Ltd. ("RCCL") is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant RCCL, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

1

  d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

  f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Oasis of the Seas.*

5. At all times material hereto, Defendant RCCL is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant RCCL owned, operated, managed, maintained and/or controlled the vessel, *Oasis of the Seas.*

8. On or about December 2, 2015, the Plaintiff was a paying passenger on Defendant's vessel, *Oasis of the Seas*, which was in navigable waters. Defendant has a copy of the Plaintiff's cruise ticket.

9. On or about December 2, 2015, the Plaintiff was injured when she slipped and fell on a wet, slippery and/or hazardous flooring surface at or near the crewmember's exit gangway aboard the *Adventure of the Seas*.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

11. On or about December 2, 2015, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. On or about December 2, 2015, the Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

a. Failure to maintain the subject area in a clean and dry condition; and/or

b. Failure to provide passengers, including Plaintiff, with a walking area free of debris and/or slipping hazards; and/or

c. Failure to maintain a reasonably safe walking area where Plaintiff slipped and fell; and/or

d. Failure to identify the slipping hazard(s) which caused Plaintiff to slip and fall, and/or;

e. Failure to adequately and regularly inspect the subject area for wet and slippery conditions; and/or

f. Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

g. Failure to regularly and adequately clean the subject area; and/or

h. Failure to close off and/or place warning signs on or around the wet and slippery areas on the subject gangway; and/or

i. Failure to warn the Plaintiff of the wet and slippery condition of the subject gangway; and/or

j. Failure to warn the Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject gangway; and/or

k. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring on same area; and/or

l.  Failure to warn the Plaintiff of the hazard(s) posed to her due to the lack of reasonably adequate maintenance and inspection of the area where she suffered her accident; and/or

m.  Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

n.  Failure to correct hazardous deck conditions following other slip and fall accidents on the same area; and/or

o.  Failure to utilize adequately safe flooring surface in light of the anticipated purpose of the gangway; and/or

p.  Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

q.  Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

r.  Failure to adequately test the coefficient of friction and slip resistance of the surface area before opening it up to passengers and the Plaintiff.

All of which caused and/or contributed to the Plaintiff slipping and falling on a wet, slippery and/or hazardous flooring surface on or near the crewmember's gangway aboard the *Oasis of the Seas*.

13.  At all material times, Defendant had exclusive custody and control of the vessel, *Oasis of the Seas*.

14.  Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected

them.

15.     Further, the Plaintiff anticipates that discovery will reveal that, prior to the Plaintiff's incident, other passengers aboard Defendant's cruise ships were similarly injured slipping and falling on the same or similar type of flooring surface at or near the exit gangway located on the *Oasis of the Seas.*

16.     As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

**DATED October 27, 2016**

>                               Respectfully submitted,
>
>                               LIPCON, MARGULIES,
>                               ALSINA & WINKLEMAN, P.A.
>                               *Attorneys for Plaintiff*
>                               One Biscayne Tower, Suite 1776
>                               2 South Biscayne Boulevard
>                               Miami, Florida 33131
>                               Telephone No.: (305) 373-3016
>                               Facsimile No.: (305) 373-6204
>
>                       By: /s/ *Michael Winkleman*
>                               **MICHAEL A. WINKLEMAN**
>                               Florida Bar No. 36719